**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**WILLIE MILLSAPS,** *et al.* **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 2:17-CV-50-KS-MTP**

**ALLSTATE INSURANCE COMPANY,** *et al.* **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendants' Motion for Leave to File a Surrebuttal [24] and **grants** Plantiffs' Motion to Remand [9]. This case shall immediately be remanded to the Circuit Court of Jasper County, Mississippi.

### I. BACKGROUND

This is a breach of contract and bad faith case. Plaintiffs' house burned down in September 2015. At the time of the fire, it was insured under a policy issued by Defendant Allstate Insurance Company. Plaintiffs filed a claim. Allstate eventually denied the claim in April 2016, asserting that Plaintiffs breached the policy by concealing and/or misrepresenting material facts during the claim investigation. Plaintiffs promptly filed suit in the Circuit Court of Jasper County, Mississippi. Among other things, they allege that Allstate delayed and denied payment of policy benefits in bad faith, and that Allstate failed to adequately investigate the loss. They asserted claims of breach of contract, tortious breach of contract, bad faith, negligence, gross negligence, breach of the covenant of good faith and fair dealing, and negligent/intentional infliction of emotional distress.

Plaintiffs also asserted claims of defamation, negligence, gross negligence, and

negligent/intentional infliction of emotional distress against Allstate's adjuster, Wilbur Jordan. They claim that Jordan told a variety of individuals and businesses that they had committed arson.

Finally, Plaintiffs asserted claims of breach of contract, tortious breach of contract, breach of the covenant of good faith and fair dealing, negligence, gross negligence, and negligent/intentional infliction of emotional distress against Adair Asset Management, LLC, and its agent, Kamesha Mumford. Adair purchased a tax lien on Plaintiffs' home prior to the fire. Plaintiffs allege that they had reached an agreement with Adair and Mumford to pay off the debt, but that Adair and Mumford refused to release the lien after accepting Plaintiffs' payoff. Plaintiffs allege that Allstate instructed Adair and Mumford to not release the lien until its investigation of the claim was complete.

In June 2016, Allstate removed the case on the basis of diversity jurisdiction, claiming that Defendants Jordan and Mumford were improperly joined and fraudulently misjoined. Plaintiffs responded with a Motion to Remand, and Allstate then filed two motions for remand-related discovery. On October 13, 2016, the Court granted Plaintiffs' Motion to Remand and denied Allstate's motions for remand-related discovery. *See* Memorandum Opinion and Order, *Millsaps v. Allstate Ins. Co.*, No. 2:16-CV-82-KS-MTP (S.D. Miss. Oct. 13, 2016), ECF No. 55. The Court only addressed Plaintiffs' claims against Jordan. First, it held that Jordan was not improperly joined because Plaintiffs had alleged sufficient facts to state a claim of defamation against him. *Id.* at 7. Moreover, the Court declined to pierce the pleadings and permit remand-

related discovery. *Id.* at 8-9. Next, the Court found that Plaintiffs' claims against Jordan had not been fraudulently misjoined to their claims against Allstate, because the claims arose from the same series of occurrences and shared common questions of fact. *Id.* at 11. Therefore, as Jordan – a resident Defendant – was neither improperly joined nor fraudulently misjoined, the Court remanded the case to the Circuit Court of Jasper County, Mississippi.

On April 7, 2017, the state court entered an Agreed Order of Dismissal of Plaintiffs' claims against Jordan. *See* Exhibit F to Notice of Removal, *Millsaps v. Allstate Ins. Co.*, No. 2:17-CV-50-KS-MTP (S.D. Miss. Apr. 7, 2017), ECF No. 1-7. According to the order, Plaintiffs and Jordan "reached an amicable compromise settlement" of Plaintiffs' claims. *Id.* at 1.

On the same day, Allstate removed the case a second time, reasserting their improper joinder and fraudulent misjoinder arguments concerning Plaintiffs' claims against Defendants Mumford and Adair Asset Management. Plaintiffs filed a Motion to Remand [9].

## II. MOTION FOR LEAVE TO FILE AND INCORPORATION OF PRIOR BRIEFS [24]

Allstate filed a Motion for Leave to File a surrebuttal, arguing that Plaintiffs raised new issues in their reply. The Court does not require additional briefing and the Motion for Leave to File is **denied**. The Court also notes that the "new arguments" to which Allstate seeks leave to respond were well within the scope of issues raised by Defendants' own response and Notice of Removal.

To the extent any party seeks to incorporate their briefing on the motion to

3

remand in the previous iteration of this case, *see* Notice of Removal, *Millsaps v. Allstate Ins. Co.*, No. 2:16-CV-82-KS-MTP (S.D. Miss. June 9, 2016), ECF No. 1, the Court declines to consider the additional briefs because they would increase the volume of briefing well beyond the limitations imposed by the Local Rules. *See* L.U.Civ.R. 7(b)(5).

### III. MOTION TO REMAND [9]

"Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction in any case where it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). For diversity jurisdiction, the parties must be completely diverse. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.*

When a motion to remand is filed, the party invoking the Court's jurisdiction has the burden of proving that the jurisdictional requirements have been met. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Because federal courts have limited jurisdiction and removal raises significant federalism concerns, "any doubt as to the propriety of removal should be resolved in favor of remand," *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008), and the "removal statutes are to be strictly construed against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100,

4

106 (5th Cir. 1996).

### A. *Successive Removals*

First, Plaintiffs argued for the first time in their reply brief that Defendant may not remove a case twice on the same grounds. The Court does not typically address arguments raised for the first time in reply. *United States v. Transocean Deepwater Drilling, Inc.*, 767 F.3d 485, 492 (5th Cir. 2014). But Allstate apparently anticipated this argument, as it addressed it in response to Plaintiffs' motion to remand. Therefore, the Court will address the issue.

The Fifth Circuit has provided the following framework for addressing successive removals:

> The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand. As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable.
>
> \* \* \*
>
> [A] remand order that expressly addresses the theory of federal jurisdiction does not have res judicata effect on subsequent removals based on the same theory, provided that the subsequent removal petitions allege a different factual basis for seeking removal. If the defendant raises a new factual basis, the new factual basis is not deemed adjudicated with the remand order and, therefore, is not barred by res judicata.

*S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 492-93 (5th Cir. 1996) (citations and footnotes omitted).

In summary, a remand order only has res judicata effect on subsequent removals

if the Court's opinion addresses the same issues and factual basis. "A remand order is conclusive only regarding the matters actually adjudged," *Simmons v. Miss. Farm Bureau Cas. Ins. Co.*, No. 4:14-CV-154-NBB-JMV, 2015 U.S. Dist. LEXIS 124407, at *2-*3 (N.D. Miss. Sept. 16, 2015), and "when pleadings or events establish a new ground for removal" that was not addressed in the Court's previous remand order, a defendant may remove the case again. *S.W.S. Erectors*, 72 F.3d at 493; *see also Capturion Network, LLC v. Daktronics, Inc.*, No. 2:08-CV-232-KS-MTP, 2009 U.S. Dist. LEXIS 49171, at *24 n. 5 (S.D. Miss. May 29, 2009).

In the Court's previous order, it remanded the case because Plaintiff had alleged sufficient facts to state a claim of defamation against Defendant Wilbur Jordan, a Mississippi resident, and Plaintiffs' claims against Jordan were not egregiously misjoined to their claims against Allstate. The Court did not address whether Plaintiffs' claims against Defendant Kamesha Mumford were improperly joined or fraudulently misjoined. After the remand, the state court dismissed Plaintiffs' claims against Jordan. Therefore, this Court's previous remand order has no res judicata effect on Allstate's arguments concerning Defendant Mumford, insofar as the Court did not adjudicate those issues. Moreover, Plaintiffs' settlement with Jordan eliminated the basis of the Court's previous remand order. Accordingly, Allstate was entitled to remove the case a second time.[1]

---

[1]Most of the cases cited by Plaintiffs in support of their argument on this issue are not binding on this Court. *St. Paul & Chicago Ry. Co. v. McLean*, 108 U.S. 212, 2 S. Ct. 498, 27 L. Ed. 703 (1883), and *Smith v. Non-Violent Coordinating Committee*, 421 F.2d 522 (5th Cir. 1969), provide the same rule as *S.W.S. Erectors*,

## B.     *Jordan's Citizenship and Settlement*

As noted above, "[c]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey*, 542 F.3d at 1079. Although Plaintiffs do not explicitly argue that the Court should consider former Defendant Wilbur Jordan's citizenship, at numerous points in their briefing they refer to Jordan, as if his citizenship were relevant to the Court's jurisdiction. It is not. "[A] case may be removed based on any voluntary act of the plaintiff that effectively eliminates the nondiverse defendant from the case," including a settlement. *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 911-12 (5th Cir. 2000) (quoting *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 693 (5th Cir. 1995)). It is undisputed that Plaintiffs voluntarily settled their claims against Jordan, and that the state court dismissed him from the case with prejudice. *See* Exhibit F to Notice of Removal, *Millsaps v. Allstate Ins. Co.*, No. 2:17-CV-50-KS-MTP (S.D. Miss Apr. 7, 2017), ECF. No. 1-7. Therefore, his citizenship is irrelevant to the Court's jurisdiction.

## C.     *Improper Joinder*

As stated above, for diversity jurisdiction, the parties must be completely diverse. *Harvey*, 542 F.3d at 1079. Here, the parties are not completely diverse because Plaintiffs and Defendant Kamesha Mumford are citizens of Mississippi. Allstate argues that Mumford was improperly joined. Before the Court addresses the alleged improper

---

72 F.3d at 492-93, cited above.

joinder, it must address two procedural issues raised by Plaintiffs.

   *1.   State Court Ruling*

First, Plaintiffs argue that Mumford could not have been improperly joined because the state court denied her motion to dismiss pursuant to Rule 12(b)(6), and "[w]henever any action is removed from a State court to a district court of the United States, . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.

The record indicates that the state court never considered the merits of Mumford's motion. *See* Exhibit L to Response at 2, *Millsaps v. Allstate Ins. Co.*, No. 2:17-CV-50-KS-MTP (S.D. Miss. May 11, 2017), ECF No. 16-12. In fact, Mumford never filed or presented the motion. Her attorney notified the court that she intended to do so during a hearing on Allstate's motion to change venue. State Court Record at 2321, *Millsaps v. Allstate Ins. Co.*, No. 2:17-CV-50-KS-MTP (S.D. Miss. May 4, 2017), ECF No. 13. However, later in the hearing, her attorney (and husband) put the following on the record: "I'm Gerald Mumford and I represent Kamesha Mumford and Kamesha Mumford represents Adair Asset Management Corporation. I've asked the judge to excuse myself and my wife. My wife is pregnant and we need to be excused. She's not feeling well . . . ." *Id.* at 2325. The state court judge stated on the record:

> The Defendant Kamesha Mumford through her attorney indicated to the court that she has a motion to dismiss her from the lawsuit. At approximately 3:50 p.m. on January 10th, 2017, without bringing her motion forward, [Mumford] requested the court to allow her and her attorney to be allowed to be excused [and] the court granted that request.

8

> . . . Defendant Mumford request for a dismissal should be denied at this time.

*Id.* The court's written order included language that was identical in all relevant respects. *See* Exhibit L [16-12], at 2.

Accordingly, Plaintiffs' argument has no merit. Mumford never presented a 12(b)(6) motion, and the state court never considered the merits of such a motion. The state court judge plainly contemplated that Mumford could reassert the motion at a later time. Moreover, although "interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed," the district court is "free to treat the order as it would any interlocutory order it might itself have entered." *Louisiana v. Guidry*, 489 F.3d 692, 697-98 (5th Cir. 2007). The Federal Rules of Civil Procedure explicitly allow a defendant to file successive dispositive motions based upon the plaintiff's purported failure to state a claim. *See* FED. R. CIV. P. 12(h)(2).[2] Therefore, 28 U.S.C. § 1450 does not bar a removal on the basis of Mumford's alleged improper joinder.

   2.   *Law of the Case*

In a related argument, Plaintiffs contend that Allstate is barred from removing the case on the basis of Mumford's alleged improper joinder because the law of the case doctrine bars the Court from reconsidering whether they have sufficient stated a claim against her.

---

[2]The Mississippi Rules of Civil Procedure include the same rule. *See* MISS. R. CIV. P. 12(h)(2).

"[T]he law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not." *Alpha/Omega Ins. Servs. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001). As noted above, the state court did not address the merits of Mumford's motion to dismiss. In fact, she did not even argue or present the motion to the court. Additionally, "a district court is not precluded by the law-of-the-case doctrine from reconsidering previous rulings on interlocutory orders such as" dispositive motions. *Guidry*, 489 F.3d at 698.[3] Therefore, the law of the case doctrine does not bar Allstate's removal on the basis of Mumford's alleged improper joinder.

   *3.   Improper Joinder*

There are two ways to prove improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 817-18 (S.D. Miss. 2002). Only the second prong is relevant here. Under that test, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the . . . court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. "This means that there must be a reasonable possibility of recovery, not merely

---

[3]*See also Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (district court did not err in disregarding state court ruling)

10

a theoretical one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

The Fifth Circuit established a procedure for district courts to address improper joinder arguments. *See, e.g. Smallwood*, 385 F.3d at 573; *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 401-02 (5th Cir. 2013). First, the Court looks "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. "However, where a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Mumfrey*, 719 F.3d at 401 (quoting *Smallwood*, 385 F.3d at 573). "The purpose of the inquiry is limited to identifying the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "In conducting this inquiry, the court must also take into account all unchallenged factual allegations, including those in the complaint, in the light most favorable to the plaintiff. In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party." *Campbell*, 509 F.3d at 669.

Plaintiffs asserted claims of negligence, gross negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of contract, tortious breach of contract, and breach of the covenant of good faith and fair dealing against Mumford. The Court need only address Plaintiffs' negligence-based claims.

The elements of negligence are: (1) a duty of care, (2) a breach of that duty, (3)

11

an injury, and (4) a causal connection between the breach and the injury. *Todd v. First Baptist Church*, 993 So. 2d 827, 829 (Miss. 2008); *Weathersby Chevrolet Co. v. Redd Pest Control Co.*, 778 So. 2d 130, 133 (Miss. 2001). "Gross negligence" is "simply [a] higher degree[] of negligence." *White v. Nelson*, 196 So. 3d 1039, 1049 (Miss. 2016); *see also Patton v. J & K Logging, LLC*, No. 1:15-CV-355-LG-RHW, 2016 U.S. Dist. LEXIS 138325, at *9 (S.D. Miss. Oct. 5, 2016). Finally, to succeed on a claim of negligent infliction of emotional distress, Plaintiffs must prove each of the elements of negligence. *Harried v. Krutz*, 813 F. Supp. 2d 835, 841-41 (S.D. Miss. 2011); *Blake v. Wilson*, 962 So. 2d 705, 715 (Miss. Ct. App. 2007). Therefore, to state a claim against Mumford for any of the negligence-based claims, Plaintiffs must allege, among other things, that she owed them a duty of care and breached it.

In their Complaint, Plaintiffs alleged that Adair Asset Management, LLC owned a tax lien on their property, and that Mumford was Adair's agent. They further alleged that they "reached a contractual agreement with Adair and Mumford for [them] to pay off the lien in exchange for Mumford and Adair releasing the lien," and that they "provided the agreed upon payoff amount to Mumford in complete performance of [their] contract with Mumford and Adair." Exhibit A to Notice of Removal at 7, *Millsaps v. Allstate Ins. Co.*, No. 2:17-CV-50-KS-MTP (S.D. Miss. Apr. 7, 2017), ECF No. 1-2. Plaintiffs further alleged: "Mumford confirmed that she had received the check, confirmed that she cashed the Millsaps' payoff check, and confirmed that Allstate had contacted her and demanded that [she] and Adair not release the tax lien until Allstate's investigation was complete." *Id.* 7-8. Therefore, Plaintiffs contend that

12

"Mumford and Adair failed to timely release the lien," breaching the contract. *Id.* at 8. These are the only factual allegations regarding Mumford in the Complaint.

"[C]ontracts are not the only way in which the law imposes a duty of a care. Whenever a person does some act, the law imposes a duty upon that person to take reasonable care in performing that act." *River Prod. Co. v. Baker Hughes Prod. Tools, Inc.*, 98 F.3d 857, 859 (5th Cir. 1996); *see also Caldarera v. Tenn. Log & Timber Homes, Inc.*, No. 5:12-CV-67-KS-MTP, 2013 U.S. Dist. LEXIS 157611, at *22 (S.D. Miss. Nov. 4, 2013). Accordingly, "[a]ccompanying every contract is a common law duty to perform with care, skill and reasonable experience, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract." *George B. Gilmore Co. v. Garrett*, 582 So. 2d 387, 391 (Miss. 1991); *see also Couch v. City of D'Iberville*, 656 So. 2d 146, 151 (Miss. 1995); *Parker v. Thornton*, 596 So. 2d 854, 857 (Miss. 1992); *Howard v. Citimortgage*, No. 1:13-CV-543-KS-MTP, 2014 U.S. Dist. LEXIS 167842, at *26-*27 (S.D. Miss. Dec. 2, 2014).

Plaintiffs alleged that Mumford agreed to release the lien when she received the payoff, and that, upon Allstate's request, she did not do so. These allegations are sufficient to state a claim that Mumford negligently failed to perform a duty that she had undertaken.

Allstate contends that Mumford is not liable for her employer's contractual obligations. However, Plaintiffs alleged that both Mumford and Adair were parties to the contract. Moreover, "[w]henever a person does some act, the law imposes a duty upon that person to take reasonable care in performing that act." *River Prod. Co.*, 98

13

F.3d at 859; *see also Dr. Pepper Bottling Co. v. Bruner*, 148 So. 2d 199, 201 (Miss. 1962); *Montgomery v. Citimortgage, Inc.*, 955 F. Supp. 2d 640, 649 (S.D. Miss. 2013). A duty may arise from "the basic rule of common law which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to endanger the person or property of others." *Garrett*, 582 So. 2d at 391. Therefore, even if Mumford was not a party to the contract, a duty can arise from her undertaking the task of accepting payment and releasing the lien, as Plaintiffs have alleged.

Defendants contend that, as in-house counsel for Adair, Mumford only owed a duty to her client. Defendants also argue that any offer for the conveyance of an interest in real property was withdrawn before Plaintiffs tendered payment. However, these arguments require the Court to pierce the pleadings and conduct a summary inquiry. This case was on the eve of trial before removal. The parties had, for the most part, completed discovery, and the state court record is voluminous. Any summary inquiry at this late stage of the proceedings would move far beyond identification of "discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant" and turn into a full-blown determination on the merits. *Mumfrey*, 719 F.3d at 401. Accordingly, the Court declines to pierce the pleadings.

Allstate also argues that any alleged oral contract is invalid because it was subject to the statute of frauds. However, Allstate failed to cite any law in support of this argument. Moreover, as noted above, a contractual relationship is not a prerequisite for the existence of a duty of care, and "[w]henever a person does some act,

14

the law imposes a duty upon that person to take reasonable care in performing that act." *River Prod. Co.*, 98 F.3d at 859.

For these reasons, the Court finds that Plaintiffs stated a claim of negligence against Defendant Mumford that would survive a motion to dismiss under Rule 12(b)(6). Accordingly, she was not improperly joined.

### D.     *Fraudulent Misjoinder*

Allstate also argues that Plaintiffs' claims against Mumford were fraudulently misjoined to her claims against Allstate. The Fifth Circuit has mentioned the Eleventh Circuit's holding in *Tapscott v. Ms. Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), that "misjoinder should not be allowed to defeat diversity jurisdiction." *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002). Consequently, district courts within the Fifth Circuit have assumed that it adopted the Eleventh Circuit's reasoning. *See Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008) (listing cases from various district courts). The Eleventh Circuit held: "Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Tapscott*, 77 F.3d at 1360.

"To constitute fraudulent misjoinder, the misjoinder must represent totally unsupported, or egregious misjoinder." *Sweeney v. Sherwin Williams Co.*, 304 F. Supp. 2d 868, 872 (S.D. Miss. 2004). To determine whether a party has been fraudulently misjoined, the Court applies Rule 20 of the Mississippi Rules of Civil Procedure.

15

*Palermo*, 542 F. Supp. 2d at 517. Rule 20 provides, in pertinent part: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." MISS. R. CIV. P. 20(a). Both prongs of Rule 20(a) must be met for joinder to be appropriate. *Hegwood v. Williamson*, 949 So. 2d 728, 730 (Miss. 2007).

> Before an alleged occurrence will be sufficient to meet Rule 20(a)'s two factors, there must be a distinct litigable event linking the parties. To determine if a distinct litigable event linking the parties exists, the courts should consider: whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place. Also, when determining if joinder is appropriate, it is important to consider whether the proof presented to the jury would be confusing due to the multiplicity of facts.

*Id.* at 730-31 (formatting and citations omitted).

Plaintiffs' claims against Mumford were not fraudulently misjoined with their claims against Allstate. Among other things, Plaintiffs claim that Allstate tortiously interfered with their contract with Mumford and Adair. Exhibit A [1-2], at 8. Specifically, Plaintiffs alleged that Allstate "demanded that Mumford and Adair not release the tax lien until Allstate's investigation was complete," causing Mumford to delay releasing the lien. *Id.* at 7-8. This constitutes a "distinct litigable event linking

the parties . . . ." *Hegwood*, 949 So. 2d at 730. Even if the claims against Mumford were misjoined, they were not egregiously misjoined. *Sweeney*, 304 F. Supp. 2d at 872. Therefore, the Court rejects Allstate's fraudulent misjoinder argument.

### IV. CONCLUSION

For the reasons above, the Court **denies** Defendants' Motion for Leave to File Surrebuttal [24] and **grants** Plantiffs' Motion to Remand [9]. This case shall immediately be remanded to the Circuit Court of Jasper County, Mississippi. The Court **denies** Plaintiffs' request for fees pursuant to 28 U.S.C. § 1447(c).

SO ORDERED AND ADJUDGED, on this, the __31st__ day of May, 2017.

                                                s/Keith Starrett
                                         UNITED STATES DISTRICT JUDGE